IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HOMESIDE LENDING, INC.,          )
                                 )
         Plaintiff,              )
                                 )
vs.                              )      Case No. 04· 11016 JLT
                                 )
PAMELA M. AVIS,                  )
RAYMOND F. AVIS,                 )      Formerly
PHILIP D. SEWELL,                )      Case No. MICV-2004-01016
CONSTANCE SEWELL,                )      Middlesex County Superior Ct.
SALLY S. SAVAGE,                 )
ST. MARY'S CREDIT UNION,         )      MAGISTRATE JUDGE Bowler
MR PROPERTY MANAGEMENT, INC.,    )
COMMONWEALTH OF                  )      RECEIPT #_____
MASSACHUSETTS DEPARTMENT         )      AMOUNT $ N/A
OF REVENUE and                   )      SUMMONS ISSUED   N/A
INTERNAL REVENUE SERVICE,        )      LOCAL RULE 4.1_____
                                 )      WAIVER FORM_____
         Defendants.             )      MCF ISSUED_____
                                        BY DPTY. CLK.___F.O.M
                                        DATE_____5-20-04

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

     The defendant United States of America, by its attorney,

Michael J. Sullivan, United States Attorney for the District of

Massachusetts, respectfully states as follows:

     1.  The Internal Revenue Service, an agency of the United

States has been named as a defendant to the civil action

affecting property on which the United States has a lien that is

now pending in the Commonwealth of Massachusetts Superior Court

for Middlesex County, entitled Homeside Lending v. Pamela S. Avis

et al, Civil Action No. 2004-01016.

     2.  This action is removable to the United States District

Court for the District of Massachusetts, pursuant to 28 U.S.C.

§§1441, 1442 and/or 1444.

3.  No prior removal of this action has been attempted.

4.  The removal of this action is timely under the provisions of 28 U.S.C. §1446(b).

5.  Copies of all pleadings received by the defendant United States are attached hereto.

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant U.S. Attorney

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney of
record for each other party by mail on
5/20/04
Barbara Healy Smith
Assistant U.S. Attorney

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. NO.

---

HOMESIDE LENDING, INC.,               )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )
                                      )
PAMELA M. AVIS, RAYMOND F. AVIS,      )
PHILIP D. SEWELL, CONSTANCE           )
SEWELL, SALLY S. SAVAGE, ST.          )
MARY'S CREDIT UNION, MR               )
PROPERTY MANAGEMENT, INC.,            )
COMMONWEALTH OF                       )
MASSSACHUSETTS DEPARTMENT             )
OF REVENUE and THE INTERNAL           )
REVENUE SERVICE,                      )
                                      )
        Defendants.                   )

---

## **COMPLAINT**

### **Introduction**

This is an action in interpleader in order to determine the rights to certain surplus proceeds held by the Plaintiff after a foreclosure auction sale.

### **Parties**

1.    Plaintiff, Homeside Lending, Inc. ("Homeside"), is a lending institution with a usual place of business in Jacksonville, Florida.

2.    Defendant, Pamela M. Avis ("P. Avis"), is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

3.    Defendant, Raymond F. Avis ("R. Avis") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

4.    Defendant, Philip D. Sewell ("P. Sewell") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

5.    Defendant, Constance Sewell ("C. Sewell") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

6.    Defendant, Sally S. Savage ("Savage") is an individual having a usual place of resident in El Paso, Texas.

7.    Defendant, St. Mary's Credit Union ("St. Mary's"), is a lending institution with a usual place of business in Marlborough, Middlesex County, Massachusetts.

8.    Defendant, MR Property Management, Inc. ("MR Property"), is a corporation having merged into Stonegate Group, LLC with a usual place of business in Natick, Middlesex County, Massachusetts.

9.    Defendant, Commonwealth of Massachusetts Department of Revenue ("DOR") is a State agency with a principal address in Boston, Massachusetts.

10.    Defendant, Internal Revenue Service ("IRS") is a Federal agency with a principal address in Andover, Essex County, Massachusetts.

## Complaint for Interpleader

11.    On or about October 30, 2003, Homeside, as first mortgagee, sold by foreclosure auction sale a certain parcel of real property located and known as 6 Hardy Street, Framingham, Middlesex County, Massachusetts (the "Real Property").

Defendants P. Avis, R. Avis, P. Sewell and C. Sewell were the title-holders and mortgagors of said Real Property.

12.    The foreclosure auction sale was for breach of condition pursuant to a Power of Sale contained in a certain first mortgage on the premises dated October 26, 2001 and recorded with the Middlesex South County Registry of Deeds in Book 33950, Page 341. The foreclosure auction sale realized monies in the sum of $338,000.00. Homeside retained the sum of $313,918.12 from the sale proceeds representing the following:

   a.    $272,629.12 in outstanding principal due on the note;

   b.    $20,604.96 in interest;

   c.    $6,174.66 in escrow deficit; and

   d.    $14,509.38 in corporate advances.

13.    The remaining proceeds from the foreclosure auction in the amount of $24,081.88 are being held by the Plaintiff in an escrow account. Because the Plaintiff has not been able to identify the proper owner of these funds, it cannot assign a tax identification number to the escrow account and therefore no interest is being accrued on the remaining proceeds.

14.    Defendant, P. Avis, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidenced by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

15.    Defendant, R. Avis, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as

3

evidenced by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

16.    Defendant, P. Sewell, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidenced by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

17.    Defendant, C. Sewell, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidenced by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

18.    Defendant, Savage, may have an interest in the surplus proceeds by virtue of a Writ of Attachment, dated February 26, 2003, recorded in the Middlesex South County Registry of Deeds as Instrument No. 2094.

19.    Defendant, St. Mary's, may have an interest in the surplus proceeds by virtue of a Writ of Attachment, dated July 26, 2002 recorded in the Middlesex South County Registry of Deeds in Book 35982, Page 302.

20.    Defendant, MR Property, may have an interest in the surplus proceeds by virtue of a Writ of Attachment, dated July 24, 2002, recorded in the Middlesex South County Registry of Deeds in Book 35961, Page 512.

21.    Defendant, DOR, may have an interest in the surplus proceeds by virtue of a Massachusetts Tax Lien, dated March 14, 2003, recorded in the Middlesex South County Registry of Deeds as Instrument No. 294.

4

22.    Defendant, IRS, may have an interest in the surplus proceeds by virtue of a Federal Tax Lien, dated October 9, 2002, recorded with the Middlesex South County Registry of Deeds in Book 36831, Page 317.

**WHEREFORE,** Homeside requests as follows:

a.    The Defendants be restrained from instituting any action against the Plaintiff for the recovery of the surplus proceeds or any part thereof;

b.    The Plaintiff be permitted to pay into this Court the surplus proceeds, less the reasonable attorney's fees and costs incurred by the plaintiff in connection with the filing and prosecution of this action;

c.    The Plaintiff be discharged from all liabilities except to the party and/or parties who the Court shall determine is entitled to the surplus proceeds; and

d.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,
Plaintiff,
By their attorneys,

Randy J. Spencer, Esq.
BBO #653879
Barron & Stadfeld, P.C.
50 Staniford Street
Boston, MA 02114
(617) 723-9800

Dated: March 11, 2004

286076

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Homeside Lending, Inc. v. Pamela Avis et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ___    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

   ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                   YES ☐     NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                   YES ☐     NO **X**

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                   YES ☐     NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                   YES ☐     NO **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                   YES **X**     NO ☐

     A.    If yes, in which division do all of the non-governmental parties reside?

           Eastern Division **X**     Central Division ☐     Western Division ☐

     B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

           Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                   YES ☐     NO **X**

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Stephen J. Turanchik, U.S. Dept. of Justice, Tax Division

ADDRESS    P.O. Box 55, Ben Franklin Station, Washington, DC 20044

TELEPHONE NO.       (202) 307-6565

(CategoryForm.wpd - 10/17/02)

JS 44 (N.D. Ohio)

1

# Civil Cover Sheet

The JS-44 Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Please refer to the instructions on page 2.

## 1. (a) PLAINTIFFS

Homeside Lending, Inc.

**DEFENDANTS**

PAMELA M. AVIS, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEY'S NAME (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Randy J. Spencer, Esq.
Baron & Stadfeld, P.C. , 50 Staniford Street , Boston, MA 02114

ATTORNEYS (IF KNOWN)

See attachment

## II. BASIS OF JURISDICTION (PLACE A check IN ONE BOX ONLY)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Gov't Not a Party) | |
| ✔ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE A CHECK IN ONE BOX FOR PLAINTIFF AND IN ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE A CHECK IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ✔ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## V. NATURE OF SUIT    Please  click  on  the  appropriate  nature  of  suit

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC § 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury-- | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure of Property | 423 Withdrawal 28 USC § 157 | 430 Banks & Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury-- | 21 USC § 881 | | 450 Commerce/ICC Rates, etc. |
| 150 Overpayment Recovery | 320 Assault, Libel, Slander | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of | 330 Federal Employer's | 368 Asbestos Personal | 640 Railroad & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| Judgment | Liability | Injury Product Liability | 650 Airline Regulations | 830 Patent | Corrupt Organizations (Civil RICO) |
| 151 Medicare Act | 340 Marine | | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 152 Recovery of Defaulted | 345 Marine Product | **PERSONAL PROPERTY** | 690 Other | | 850 Securities/Commodities/Exchange |
| Student Loans | Liability | 370 Other Fraud | | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC § 3410 |
| (Excluding Veterans) | 350 Motor Vehicle | 371 Truth in Lending | **LABOR** | 861 HIA (1395ff) | 891 Agricultural Acts |
| 153 Recovery of Overpay- | 355 Motor Vehicle | 380 Other Personal Property | 710 Fair Labor Standards Act | 862 Black Lung (923) | 892 Economic Stabilization Act |
| ment of Vet's Benefits | Product Liability | Damage | 720 Labor/Management Relations | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 160 Stockholders' Suits | 360 Other Pers. Injury | 385 Property Damage | 730 Labor/Management Reporting | 864 SSID Title XVI | 894 Energy Allocation Act |
| 190 Other Contract | | Product Liability | and Disclosure Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 195 Contract Prod. Liability | | | 740 Railway Labor Act | | 900 Appeal of Fee Determination Under |
| | | | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Equal Access to Justice Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income | 870 Taxes (U.S. Plaintiff or Def.) | 950 Constitutionality of State Statute |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | Security Act (ERISA) | 871 IRS--Third Party 26 USC | ● 890 Other Statutory Actions |
| 220 Foreclosure | 442 Employment | **HABEAS CORPUS:** | | § 7609 | |
| 230 Rent Lease & Ejectm't | 443 Housing/ | 530 General | | | |
| 240 Torts to Land | Accommodations | 535 Death Penalty | | | |
| 245 Tort Product Liability | 444 Welfare | 540 Mandamus & Other | | | |
| 290 All Other Real Prop. | 440 Other Civil Rights | 550 Civil Rights | | | |
| | | 555 Prison Conditions | | | |

## VI. CAUSE OF ACTION
(Cite the U.S. civil statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statute unless this is a diversity action)    **Interpleader of Surplus Funds 28 U.S.C. s 2410**

## VII. REQUESTED IN COMPLAINT:

☐ Check if this is a Fed. R. Civ. P. 23 Class Action

DEMAND: $

CHECK YES ONLY IF DEMANDED IN COMPLAINT:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S)
IF ANY (SEE INSTRUCTIONS)    JUDGE _____    DOCKET NUMBER _____

5-19-2004
Date

_Steph. J. Trinkl_
Signature of Attorney of Record

## FOR CLERK'S OFFICE USE ONLY

RECEIPT NO. _____    AMOUNT $ _____    JUDGE _____    MAGISTRATE JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HOMESIDE LENDING, INC., )
)
        Plaintiff, )
)   Case No.
vs. )
)
PAMELA M. AVIS, )  Formerly
RAYMOND F. AVIS, )  Case No. MICV-2004-01016
PHILIP D. SEWELL, )  Middlesex County Superior Ct.
CONSTANCE SEWELL, )
SALLY S. SAVAGE, )
ST. MARY'S CREDIT UNION, )
MR PROPERTY MANAGEMENT, INC., )
COMMONWEALTH OF )
MASSACHUSETTS DEPARTMENT )
OF REVENUE and )
INTERNAL REVENUE SERVICE, )
)
        Defendants. )

ATTACHMENT TO CIVIL COVER SHEET

For MR Property Management

Mark S. Tilden, Esq.
600 Worcester Rd.
Framingham, MA 01702

For Plaintiff, Homeside Lending, Inc.
Randy J. Spencer, Esq.
Baron & Stadfeld, P.C.
50 Staniford Street
Boston, MA 02114

For St. Mary's Credit Union
David E. Silverman, Esq.
Silverman & Esposito
8 Malden Street
P.O. Box 245
Oxford, MA 01540

For Commonwealth of Massachusetts
Eileen Ryan McAuliffe
Massachusetts Department of Revenue
100 Cambridge Street, P.O. Box 9565
Boston, MA 02114

For Phillip Sewell &
Constance Sewell
Roland L. Milliard, Esq.
1470 Lakeview Avenue
Dracut, MA 01826

For Sally Savage
Robert G. Cohen, Esq.
188 Oaks Road
Framingham, MA 01702