IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOMESIDE LENDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | 04 11016 JLT |
| PAMELA M. AVIS, ) | |
| RAYMOND F. AVIS, ) | Formerly |
| PHILIP D. SEWELL, ) | Case No. MICV-2004-01016 |
| CONSTANCE SEWELL, ) | Middlesex County Superior Ct. |
| SALLY S. SAVAGE, ) | |
| ST. MARY'S CREDIT UNION, ) | |
| MR PROPERTY MANAGEMENT, INC., ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS DEPARTMENT ) | |
| OF REVENUE and ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' ANSWER

The United States of America, through undersigned counsel, answers the Complaint as follows:

### FIRST DEFENSE

To the extent that the United States exhausts the surplus funds because of its federal tax liens, the Plaintiff is not entitled to recover fees and/or costs ahead of the federal tax liens.

1

SECOND DEFENSE

The United States answers the numbered paragraphs of the Complaint as follows:

1. Plaintiff, Homeside Lending, Inc. ("Homeside"), is a lending institution with a usual place of business in Jacksonville, Florida.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Defendant, Pamela M. Avis ("P. Avis"), is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant, Raymond F. Avis ("R. Avis") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.  Defendant, Philip D. Sewell ("P.Sewell") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.  Defendant, Constance Sewell ("C. Sewell") is an individual having a usual place of residence in Framingham, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.  Defendant, Sally S. Savage ("Savage") is an individual having a usual place of resident in El Paso, Texas.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.  Defendant, St. Mary's Credit Union ("St. Mary's"), is a lending institution with a usual place of business in Marlborough, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.  Defendant, MR Property Management, Inc. ("MR Property"), is a corporation having merged into Stonegate Group, LLC with a usual place of business in Natick, Middlesex County, Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.  Defendant, Commonwealth of Massachusetts Department of Revenue ("DOR") is a State agency with a principal address in Boston, Massachusetts.

**ANSWER:** The United States admits.

10. Defendant, Internal Revenue Service ("IRS") is a Federal agency with a principal address in Andover, Essex County, Massachusetts.

**ANSWER:** The United States admits that the Internal Revenue Service is a Federal Agency, however, the United States avers that it is proper party in interest.

11. On or about October 30, 2003, Homeside, as first mortgagee, sold by foreclosure auction sale a certain parcel of real property located and know as 6 Hardy Street, Framingham, Middlesex County, Massachusetts (the "Real Property"). Defendants P. Avis, R. Avis, P. Sewell and C. Sewell were the title-holders and mortgagors of said Real Property.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. The foreclosure auction sale was for breach of condition pursuant to a Power of Sal contained in a certain first mortgage on the premises dated October 26, 2001 and recorded with the Middlesex South County, Registry of Deeds in Book 33950, Page 341. The foreclosure auction sale realized monies in the sum of $338,000.00. Homeside retained the sum of $313,918.12 from the sale proceeds representing the following.

   a. $272,629.12 in outstanding principal due on the note;
   b. $20,604.96 in interest;
   c. $6,174.66 in escrow deficit; and
   d. $14,509.38 in corporate advances.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. The remaining proceeds from the foreclosure auction in the amount of $24,081.88 are being held bu the Plaintiff in an escrow account. Because the Plaintiff has not been able to identify the proper owner of these funds, it cannot assign a tax identification number to the escrow account and therefore no interest being accrued on the remaining proceeds.

**ANSWER:** The United States claims an interest in the surplus by virtue of a Notice of Federal Tax Liens filed with the Middlesex South County Registry of Deeds on October 26, 2002.

    14.   Defendant, P. Avis, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidenced by a quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

    15.   Defendant, R. Avis, may have an interest in the surplus funds bu virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidence by a quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

    16.   Defendant, P. Sewell, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidence by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of deeds in Book 27097, Page 128.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendant, C. Sewell, may have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidenced by a Quit Claim Deed, dated February 27, 1997 and recorded with the Middlesex South County Registry of Deeds in Book 27097, Page 128.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant, Savage, may have an interest in the surplus proceeds bu virtue of a Writ of Attachment, dated February 26, 2003, recorded in the Middlesex South County Registry of Deeds as Instrument No. 2094.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant, St. Mary's, may have an interest in the surplus proceeds by virtue of a Writ of Attachment, dated July 26, 2002 recorded in the Middlesex South County Registry of Deeds in Book 35982, Page 302.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant, MR Property, may have an interest in the surplus proceeds by virtue of a Writ of Attachment, dated July 24, 2002, recorded in the Middlesex South County Registry of Deeds in Book 35961, Page 512.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant, DOR, may have an interest in the surplus proceeds by virtue of a Massachusetts tax Lien, dated March 14, 2003, recorded in the Middlesex South County Registry of Deeds as Instrument No. 294.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant, IRS, may have an interest in the surplus proceeds by virtue of a federal Tax Lien, dated October 9, 2002, recorded with the Middlesex South County Registry of Deeds in Book 36831, Page 317.

**ANSWER:** The United States claims an interest in the surplus by virtue of a Notice of Federal Tax Liens filed with the Middlesex South County Registry of Deeds on October 26, 2002.

WHEREFORE, the United States prays as follows:

1) that the Court determine the proper amount of the surplus funds, including accrued interest;

2) that the Court determines the relative priorities of the claimants to the surplus funds;

3) that the Court determine that the Plaintiff fees and costs may not reduce the share allocable to the United States; and

4) that the Court order such further relief that the Court deems proper.

    MICHAEL J. SULLIVAN
    United States Attorney

    BARBARA HEALY SMITH
    Assistant United States Attorney

    */s/ Stephen J. Turanchik*
    STEPHEN J. TURANCHIK
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-6565
    stephen.j.turanchik@usdoj.gov

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

20 May 2004

*Barbara Healy Smith*
Assistant U.S. Attorney