IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOMESIDE LENDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-11016-JLT |
| vs. ) | |
| ) | |
| PAMELA M. AVIS, ) | |
| RAYMOND F. AVIS, ) | Formerly |
| PHILIP D. SEWELL, ) | Case No. MICV-2004-01016 |
| CONSTANCE SEWELL, ) | Middlesex County Superior Ct. |
| SALLY S. SAVAGE, ) | |
| ST. MARY'S CREDIT UNION, ) | |
| MR PROPERTY MANAGEMENT, INC., ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS DEPARTMENT ) | |
| OF REVENUE and ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO MAKE DEPOSIT IN COURT
AND FOR AWARD OF ATTORNEY'S FEES

The United States of America responds to the Plaintiff's Motion for Leave to Make Deposit in Court and For Award of Attorney's Fees. The United States does not oppose the Plaintiff depositing the surplus funds into Court or in obtaining reasonable attorney fees associated with the filing of this action. Rather, the United States files this response to reiterate that the Plaintiff's counsel fees and costs cannot reduce the share allocable to the United States.

Prior to filing this action, the Plaintiff foreclosed on real property held jointly by Pamela Avis, Raymond Avis, Phillip Sewell, and Constance Sewell. The United States claims an interest in the surplus funds by virtue of federal tax liens against Raymond Avis and Pamela Avis. The United States has no claim against the interest in the surplus proceeds attributable to

1

the Sewells.

In this case, the Plaintiff is holding surplus proceeds of approximately $24,000 and is claiming attorney's fees of approximately $3,000.  It is well settled that when interplead funds are fully encumbered by a federal tax lien, no part of the funds can be used to compensate an interpleading plaintiff for costs and fees.  United States v. R.F. Ball Construction Co., Inc., 355 U.S. 587 (1958), United States v. Liverpool & London & Globe Insurance Co. Ltd., 348 U.S. 215 (1955).  "Under the Ball and the London & Liverpool cases, and under the decisions of the lower courts announced since those decisions, the innocent stakeholder, even though he asserts no right to the fund in dispute, may not recover his costs and attorney's fees when to do so would invade the paramount federal tax lien."  United States v. Chapman, 281 F.2d 862, 870 (10th Cir. 1960).  Every circuit that has examined this issue has held that an interpleading plaintiff cannot be awarded costs and attorney's fees when such an award would diminish the amount to satisfy a federal tax lien.  See Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513 (9th Cir. 1984); Millers Mutual Ins. Assn. of Ill. v. Wassall, 738 F.2d 302 (8th Cir. 1984); Cable Atlantic, Inc. v. Project, Inc., 749 F.2d 626, 627 (11th Cir. 1984); Campagna-Turano Bakery, Inc. v. United States, 632 F.2d 39, 41 (7th Cir. 1980); United States v. State National Bank of Connecticut, 421 F.2d 519 (2d Cir. 1970); United States v. Morrison, 247 F.2d 285 (5th Cir. 1957); Hinkley & Donovan v. Paine, 424 F.Supp. 1013 (D.N.H. 1977).

The Supreme Court of Massachusetts in Nason v. Taylor, 351 Mass. 347 (1966), has held that the Court "had no power to allow (at least in an interpleader or similar proceeding), the deduction of attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected."  Nason, 351 Mass. at 348 (citing IRC §§ 6321, 6322, and 6323).  In the

instant case, the claim for the Plaintiff's attorney's fees arose after the foreclosure on the subject property, whereas, the United States had perfected its liens long before the interpleader action. Therefore, the Plaintiff is not entitled to reduce the amount of the United States' share of the surplus funds by its attorney's fees.

Because the United States only claims an interest in half of the surplus funds (the Avis' share) the Plaintiff may collect his fees and costs out of the other half. Of the $24,000, the United States expects that it will be entitled to one-half or approximately $12,000, the Plaintiff will be entitled to its fees and costs of $3,000, and the remainder will be paid to the Sewells for their one-half of the surplus. The other creditors, Sally Savage, St. Mary's Credit Union, and MR Property Management, Inc. only have inchoate claims against the Avises and, therefore have no claim against the share of the property belonging to the Sewells.

<u>Conclusion</u>

The Plaintiff is entitled to its fees and costs out of the surplus proceeds, however, those fees and costs cannot reduce the share otherwise allocable to the United States.

           MICHAEL J. SULLIVAN
           United States Attorney

           BARBARA HEALY SMITH
           Assistant United States Attorney

           /s/ Stephen J. Turanchik
           _____
           STEPHEN J. TURANCHIK
           Trial Attorney, Tax Division
           U.S. Department of Justice
           Post Office Box 55
           Ben Franklin Station
           Washington, D.C.  20044
           Telephone: (202) 307-6565
           stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to the Plaintiff's Motion to Deposit in Court and for Award of Attorney's Fees and Costs has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 30th day of July, 2004:

Mark S. Tilden, Esq.
600 Worcester Rd.
Framingham, MA 01702

Randy J. Spencer, Esq.
Baron & Stadfeld, P.C.
50 Staniford Street
Boston, MA 02114

David E. Silverman, Esq.
Silverman & Esposito
8 Malden Street
P.O. Box 245
Oxford, MA 01540

Roland L. Milliard, Esq.
1470 Lakeview Avenue
Dracut, MA 01826

Robert G. Cohen, Esq.
188 Oaks Road
Framingham, MA 01702

/s/ Stephen J. Turanchik

STEPHEN J. TURANCHIK
U.S. Department of Justice
Tax Division, P.O. Box 55
Ben Franklin Station
Washington, DC 20044
(202) 307-6565